**Fabiola THORSON, Plaintiff and Appellee,**

v.

**Orville J. LATENDRESSE and Ruth Latendresse, Defendants and Appellants.**

**Civ. No. 9914.**

Supreme Court of North Dakota.

June 25, 1981.

Ella Van Berkom, Minot, for plaintiff and appellee.

Orville J. Latendresse, for defendants and appellants; pro se.

SAND, Justice.

Orville and Ruth Latendresse appealed from a judgment issued by the district court of McHenry County, North Dakota.

Fabiola Thorson brought an action against Orville and Ruth Latendresse to collect the principal and interest on a promissory note executed by them and delivered to her on 9 Feb 1963. Orville and Ruth counterclaimed alleging that they sold items amounting to $312.89, plus interest, to Fabiola over a period of time and that Fabiola Thorson was guilty of malicious and defamatory libel against Orville and Ruth, and requested exemplary and punitive damages in the amount of $20,000.

After a bench trial, the court issued its findings of fact and conclusions of law and order for judgment upon which judgment was issued in favor of Fabiola and against Orville and Ruth in the amount of $8,844.89. This represents principal and interest on the note, after deducting $539.70, the amount agreed upon by the parties for meat and other items furnished to Fabiola by Orville and Ruth. The judgment also dismissed the counterclaim as being barred by the statute of limitations, North Dakota Century Code § 28–01–18. Orville and Ruth appealed,

contending that Fabiola had not made a demand for payment of the note before the action was instituted, that the court erred in denying admission of an exhibit, the photograph of a partially nude woman allegedly claimed to be Ruth Latendresse, and that the court erred in holding that any action on the publication of the letter addressed to Donald Zeretzke written by Fabiola dated 3 June 1974 was barred by the statute of limitations, NDCC § 28–01–18.

As to the first item relating to demand, the evidence in the record shows that Fabiola made oral demand upon Latendresse several times. The court found that a demand was made. This finding is not clearly erroneous under Rule 52(a), North Dakota Rules of Civil Procedure.

As to the court's refusal to admit the photograph in question, an objection was made that when it was offered into evidence no proper foundation as to its authenticity had been made. The court sustained the objection. We believe a misconception of the law may have been the basis for making the objection, nevertheless the ruling was proper under the circumstances. Here the question had not yet centered on the authenticity of the picture but whether or not a picture had been shown and represented to others to be of Ruth. See 100 A.L.R.2d 227, 281, and Later Case Service 92–100 A.L.R.2d 610, 612. Orville and Ruth alleged and contended that Fabiola showed to others a photo of a woman wearing only a T-shirt and stated that the woman was Ruth. The question whether or not Fabiola made a representation that the woman in the photo was or was not Ruth was never legally resolved. However, Ruth denied that the photo was of her. The judge looked at the photo and sustained the objection for lack of foundation. Little, if any, competent evidence was introduced to establish that Fabiola showed others a photo of a partially nude woman and stated it was a photo of Ruth. In this respect there was a lack of foundation for the introduction of the photo as evidence even though the authenticity of the photo was not in question at this time so as to invoke the provisions of Rules 1001 through 1008 of the North Dakota Rules of Evidence.

Be that as it may, the only competent evidence regarding the showing of the photo indicated it was in the year 1974,[1] leaving the unmistakable conclusion that this was the only time the picture was shown or, in any event, the latest when the picture was shown. As a result, the statute of limitations applies and any action on this photo under the present circumstances is barred. NDCC § 28–01–18.

With reference to the letter in question, the testimony is undisputed that the letter came into possession of Henry Zeretzke, the father of Donald Zeretzke, who gave it to Ruth sometime prior to 7 Nov 1976, the date of Henry's death, and that it was written by Fabiola Thorson, dated 3 June 1974, and addressed to Donald Zeretzke. Orville claimed there was a continuous tort, but the competent evidence did not support his contention. The statute of limitations, NDCC § 28–01–18, provides in part that actions for libel and slander must be commenced within two years after the cause of action has accrued. The counterclaim was served upon Fabiola on 19 Mar 1979. We agree with the trial court that under these circumstances the letter was libelous but any action thereon was barred by the statute of limitations, NDCC § 28–01–18.

The judgment of the trial court, including the dismissal of the counterclaim, is in all things affirmed.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

---

1. Orville, during oral argument, stated that the transcript was in error and that the date should have been 1977. This court inquired of him if he had initiated any action to correct the transcript, to which he responded that he had not taken any such action.